Filed 6/25/26  Gonzalez v. Washington CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LUIS GONZALEZ, | D085345 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2022-00039617-CU-PO-CTL) |
| JESSIE WASHINGTON et al., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert C. Longstreth, Judge.  Reversed.

Haffner Law, Joshua H. Haffner, Alfredo Torrijos and Trevor Weinberg for Plaintiff and Appellant.

Biesty Garretty & Wagner and Sean P. Garretty for Defendant and Respondent.

## I. INTRODUCTION

Luis Gonzalez sued Jessie Washington for injuries he suffered when he fell from Washington's roof while painting her home.  Gonzalez proceeded with the theory that Washington was his employer because he, and the contractor for whom he worked, were both unlicensed.  The trial court

granted Washington's motion for summary judgment, finding no triable issues of fact that Washington caused Gonzalez's injuries. We disagree and reverse.

## II. BACKGROUND

Washington owns a two-story home in San Diego. In 2022, Washington hired Roman Sedano, an unlicensed contractor, to paint her home's exterior. Sedano hired Gonzalez, who was also unlicensed, to perform some of the work.

On the second day of the three-day job, Gonzalez was standing on the roof of Washington's home while painting with a spray gun. As Gonzalez walked backwards, he tripped on a rain gutter and fell off the roof.

Gonzalez sued Washington and Sedano. Against Washington, Gonzalez asserted causes of action for negligence and premises liability. Gonzalez alleged that Sedano was Washington's employee pursuant to Labor Code section 2750.5[1] because Sedano was unlicensed. Gonzalez further alleged that Washington caused his injuries because she failed to: provide safety equipment, hire a licensed contractor, adequately supervise the work, and warn about dangerous conditions.

Washington moved for summary judgment, arguing that no act or omission on her part caused Gonzalez's injuries. In support of the motion,

---

[1]     Pursuant to Labor Code section 2750.5, there is a rebuttable presumption "that a worker performing services for which a license is required . . . or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor." The statute also makes a valid license "a condition of having independent contractor status." (§ 2750.5.) All further undesignated section references are to the Labor Code.

2

Washington relied on Gonzalez's deposition testimony where he described the fall. In his deposition, Gonzalez explained that while walking backwards, he tripped on a loose rain gutter that protruded from the roof. Before he started painting, Gonzalez checked the surrounding area and determined it was clear of debris. He also checked the rain gutter and determined "it was good." Gonzalez surmised that one of his coworkers while working dislodged the rain gutter with a ladder. Gonzalez knew the rain gutter came loose, but he did not think it would trip him.

Gonzalez opposed the motion, arguing that Washington was presumed negligent under section 3708,[2] Washington violated the standard of care for roof work on residential houses and by failing to provide fall protection, and Washington was vicariously liable for Sedano's negligence. Gonzalez relied on his own deposition testimony where he stated that he was not provided with any safety equipment for his work at Washington's house.

Gonzalez also submitted an expert declaration from Robert Clayton, who has over 35 years' experience in construction and general contracting. To formulate his opinion, Clayton reviewed Gonzalez's complaint, Gonzalez and Washington's deposition testimony, and a photograph of Wasington's home. Clayton opined that "[t]he standard of care for roof work in the industry . . . calls for [a] fall restraint system when painting on the roof," that

---

[2] Pursuant to section 3708, when an employee sues and employer that has failed to secure worker's compensation coverage, "it is presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof is upon the employer, to rebut the presumption of negligence. It is not a defense to the employer that the employee was guilty of contributory negligence, or assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow servant."

standard "exist[s] to prevent falls from roofs such as the one sustained by . . . Gonzalez," and Washington violated that standard of care.[3]

Washington did not file a reply to Gonzalez's opposition, nor did she object to or dispute any of Gonzalez's evidence.

The trial court granted the motion. It presumed Gonzalez was Washington's employee under section 2750.5. The trial court also assumed that the section 3708 presumption of negligence applied, but found it rebutted because Gonzalez knew of the allegedly dangerous condition and confirmed to his satisfaction that it did not exist. Finally, the trial court found that Gonzalez's claims regarding the failure to provide safety equipment and vicarious liability for Sedano's negligence were unsupported

---

[3]     Clayton also opined that Washington was subject to, and violated, the California Occupational Safety and Health Act of 1973 (§ 6300 et seq.; Cal-OSHA). Although Gonzalez raised this in his opposition to the motion, he clarified his position at the motion hearing. Gonzalez's counsel stated "plaintiff agrees with the court's tentative that the violation of Cal-OSHA does not necessarily [apply] to the homeowners. . . . And although we do cite to Cal-OSHA, that's not the basis for liability for defendant Washington. . . . [O]ur argument is not necessarily that the defendant fell below the standard under Cal-OSHA, but they fell below under the standard of someone hiring people to perform work on the roof."

Consequently, Gonzalez has waived any claim of lability under Cal-OSHA. (*Baxter v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 340, 378.) In any event, there is no dispute as to the scope of the project, which was small, involving maintenance of a private home and no demolition or remodeling. The work was therefore a "household domestic service," excluding it from Cal-OSHA under the laws existing at that time. (*Cortez v. Abich* (2011) 51 Cal.4th 285, 294–295; former § 6303, added by Stats. 2002, ch. 368, § 1, amended by Stats. 2024, ch. 895, § 1.)

because Clayton's declaration did not specify what equipment should have been provided or how that equipment would have prevented the accident.

Pursuant to its ruling on the motion, the trial court entered judgment for Washington. Gonzalez appealed.

## III. DISCUSSION

### A. *Standard of Review*

"[S]ummary judgment is to be granted when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law." (*Perry v. City of San Diego* (2021) 65 Cal.App.5th 172, 177.) "A triable issue of material fact exists ' " 'if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof.' " ' " (*Padron v. Osoy* (2025) 110 Cal.App.5th 677, 689 (*Padron*).)

"A defendant 'moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact.' [Citation.] A defendant may meet this burden either by showing that one or more elements of a cause of action cannot be established or by showing that there is a complete defense. [Citation.] If the defendant's prima facie case is met, the burden shifts to the plaintiff to show the existence of a triable issue of material fact with respect to that cause of action or defense." (*Perry v. City of San Diego, supra,* 65 Cal.App.5th at pp. 177–178.)

" 'We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports.' [Citation.] ' "We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts

5

concerning the evidence in favor of that party." ' " (*Padron, supra,* 110 Cal.App.5th at p. 689.)

**B.**     *Gonzalez is Washington's Employee Under Section 2750.5; He is Not an Employee under the Workers' Compensation Law*

We begin by addressing Gonzalez's status as an employee because that will dictate the parties' burdens of proof and available defenses.

Washington concedes that because Sedano and Gonzalez were unlicensed, Gonzalez was her presumptive employee under section 2750.5. We therefore find an employer/employee relationship between Washington and Gonzalez.  (*Mendoza v. Brodeur* (2006) 142 Cal.App.4th 72, 79 ["because plaintiff is concededly unlicensed, section 2750.5 kicks in and creates an employment relationship"].)

However, Gonzalez's "injury does not fall within the exclusive purview of the workers' compensation laws despite [Sedano and Gonzalez's] unlicensed status.  The law is now well settled that a worker hired by an unlicensed contractor who in turn has been hired by a homeowner does not come within the workers' compensation system, despite the contractor's unlicensed status, when the worker has not worked 52 hours *or* earned $100 within 90 days prior to the date of the injury specified in section 3352,

subdivision [(a)(8)[4]]."  (*Zaragoza v. Ibarra* (2009) 174 Cal.App.4th 1012, 1016, fn. omitted.)

Although Gonzalez presented evidence that he earned over $100 during the relevant period, section 3352's subdivision (a)(8) "is written in the disjunctive," so a worker who does not meet both the earnings and hour minimums is not considered an employee for workers' compensation purposes.  (*Zaragoza v. Ibarra, supra,* 174 Cal.App.4th at p. 1017, fn. 4.)  Gonzalez has not presented any evidence that he worked, or was contracted to work, for 52 hours.  Instead, the evidence indicates that the estimated and actual time for the job was three days, and the painters worked seven to eight hours each day.  This equates to approximately 24 hours, falling below the 52-hour threshold.

Given Gonzalez is excluded from the workers' compensation system, he may not rely on workers' compensation statutes like section 3708 which presume the employer's negligence.  "[S]ections 3706-3709 of the Labor Code" apply to "an employee covered by the [workers' compensation] act whose employer fails to secure the payment of compensation," and "[a]n employee not covered by the act may bring an action for damages under section 2800-

---

[4]    Section 3352 identifies workers that are excluded from the definition of "employee" under the worker's compensation law.  Section 3352. subdivision (a)(8), formerly subdivision (h) (Amended by Stats. 2017, cf. 770, § 4), excludes a residential worker like Gonzalez "whose employment by the employer to be held liable, during the 90 calendar days immediately preceding the date of injury . . . comes within *either* of the following descriptions:  [¶] (A) The employment was, or was contracted to be, for less than 52 hours.  [¶] (B) The employment was, or was contracted to be, for wages of not more than one hundred dollars ($100)." (Italics added.)

2801 of the Labor Code, in which action the burden of proof of negligence is on the employee. (*Devens v. Goldberg* (1948) 33 Cal.2d 173, 176–177.)

Section 2800 provides that "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care." Pursuant to section 2801, "[i]n any action to recover damages for a personal injury sustained within this State by an employee while engaged in … the course of his employment," "[i]t shall not be a defense that: [¶] (a) The employee either expressly or impliedly assumed the risk of the hazard complained of. [¶] (b) The injury or death was caused in whole or in part by the want of ordinary or reasonable care of a fellow servant."

Accordingly, Gonzalez may sue Washington for want of ordinary care, but Washington's negligence is not presumed. However, Washington may not rely on either assumption of the risk or the negligence of another employee as defenses.

## C. *Gonzalez Has Shown Triable Issues of Fact*[5]

### 1. Negligence and Premises Liability

" 'The elements of a cause of action for premises liability are the same as those for negligence.' [Citation.] Accordingly, the plaintiff must prove, ' "a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury." ' " (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1207.)

Landowners have a duty to keep their land "in a reasonably safe condition", and "[i]f a dangerous condition does exist, the landowner must, ' "use the care required of a reasonably prudent [person] acting under the

---

5    Our analysis presumes Washington made her initial showing on the motion and shifted the burden to Gonzalez.

same circumstances." ' " (*Jones v. Awad, supra,* 39 Cal.App.5th at pp. 1207–1208.) " ' "Generally, if a danger is so obvious that a person could reasonably be expected to see it, the condition itself serves as a warning, and the landowner is under no further duty to remedy or warn of the condition." ' " (*Montes v. Young Men's Christian Assn. of Glendale, California* (2022) 81 Cal.App.5th 1134, 1140.) However, " 'the obviousness of the condition and its dangerousness . . . will not negate a duty of care when it is foreseeable that, *because of necessity or other circumstances, a person may choose to encounter the condition.*' " (*Ibid.*)

Similarly, "an employer is under a duty to furnish a safe working place for his employees," and "to exercise ordinary care." (*Devens v. Goldberg, supra,* 33 Cal.2d at p. 178.)

As for causation, the plaintiff must prove that the "defendant's negligence was a substantial factor in causing the plaintiff's harm." (*Raven H. v. Gamette* (2007) 157 Cal.App.4th 1017, 1025.) " 'A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.' " (*Ibid.*)

2.     Analysis

It is undisputed that Gonzalez fell from Washington's roof and sustained injuries. The danger of falling from a roof is obvious, but that does not necessarily negate Washington's duty of care because it was foreseeable that Gonzalez would encounter that danger while painting the exterior of Washington's home. As Gonzalez's employer, Washington is also barred from asserting assumption of the risk as a defense, or that Gonzalez's coworker negligently caused the accident. (§ 2801.)

9

Clayton opined that the industry standard of care for painting on a roof calls for a fall restraint system. Although Clayton did not identify the precise equipment required under that standard, he did provide an example from Cal-OSHA that requires the use of a body harness and belt. Additionally, while Clayton did not expressly state that providing a fall restraint system would have prevented Gonzalez's fall, he did state that the industry standard exists to prevent falls like Gonzalez's, and Washington breached that standard.

In assessing Clayton's declaration, we must be mindful of the relevant legal standards. First, Washington did not object to Clayton's declaration, nor did she offer any evidence to rebut it. Accordingly, we must consider the inferences Clayton's uncontradicted declaration reasonably supports. (*Padron, supra,* 110 Cal.App.5th at p. 689.) Second, " '[t]he rule that a trial court must liberally construe the evidence submitted in opposition to a summary judgment motion applies in ruling on both the admissibility of expert testimony and its sufficiency to create a triable issue of fact. [Citations.] In light of the rule of liberal construction, a reasoned explanation required in an expert declaration filed in opposition to a summary judgment motion need not be as detailed or extensive as that required in expert testimony presented in support of a summary judgment motion or at trial.' " (*A.B. v. County of San Diego* (2025) 112 Cal.App.5th 404, 420.) Finally, " 'a finding of causation … may be predicated on reasonable inferences drawn from circumstantial evidence,' " and "[d]irect proof of each link in a chain of causation is not required." (*City of Modesto v. Dow Chemical Co.* (2018) 19 Cal.App.5th 130, 153.)

With these standards in mind, we reject Washington's contention that Clayton's declaration was too conclusory to be considered.[6] We also find that based on Clayton's declaration and Gonzalez's deposition testimony, Gonzalez has made the requisite showing to avoid summary judgment. From that evidence, a trier of fact could reasonably find that Washington breached her duty of care to Gonzalez by failing to provide a fall restraint system, which was a substantial factor in causing Gonzalez's injuries. Gonzalez has therefore shown triable issues of fact on his two causes of action, and the trial court erred in granting summary judgment.

---

[6] We note that by failing to object in the trial court, Washington has waived any claim that Clayton's declaration was inadmissible. (*Hearn Pacific Corp. v. Second Generation Roofing, Inc.* (2016) 247 Cal.App.4th 117, 131.)

## IV. DISPOSITION

The judgment is reversed.  On remand, the trial court shall vacate the order granting the motion for summary judgment and enter an order denying the motion.  Gonzalez is awarded costs on appeal.


RUBIN, J.

WE CONCUR:


McCONNELL, P. J.


KELETY, J.